IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER ANN FEDOREK, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 05-186 Erie |
| RONALD SNYDER and ) | |
| KEOKE CRAFT ) | |
| ) | |
| Defendants ) | **Jury Trial Demanded** |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND STRIKE

Defendants Ronald Snyder and Keoke Craft respectfully submit the following Brief in Support of Defendants' Motion to Dismiss and Strike.

### Issues

A. Whether plaintiff's claim to entitlement to a certain dollar amount of compensatory damages is in violation of W.D.PA.LR 8.1 and, therefore, should be stricken from plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(f).

B. Whether plaintiff's claim against defendant Snyder should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because plaintiff's Complaint does not allege his personal involvement in the alleged violations of her Constitutional rights.

### Facts

On June 15, 2006 plaintiff Jennifer Ann Fedorek filed this pro se civil rights action by filing a completed form approved by the Court in accordance with W.D.PA.LR 9.2. Service of process was achieved on defendant Keoke Craft on February 13, 2006 and on defendant Ronald Snyder on February 14, 2006.

Plaintiff's complaint asserts violations of the Eighth and Fourteenth Amendments to the United States Constitution, arising out of events that occurred on May 14, 2005 at the Venango

County Prison, located in Franklin, Venango County, Pennsylvania. (Complaint, ¶¶I, III and IV.A.-B.) At the time plaintiff was serving a sentence imposed by the Venango County Court of Common Pleas. (Complaint, ¶I)

Plaintiff asserts that as of May 14, 2005 she had been placed "in segregation" in the Venango County Prison and that no reason for that placement was stated to her. On that date defendant Craft placed her in handcuffs and escorted her from "segregation" to the visitor area of the Venango County Jail ("VCJ") to see a visitor; placing plaintiff in handcuffs to make this trip was inconsistent with the policy of VCJ. During the trip defendant Craft yelled at plaintiff, insisted she wear the handcuffs during the visit and, at various points in time, "yank[ed]" on the handcuffs, "pinched the back of [plaintiff's] arm" and "threw [plaintiff] into the receiving desk." Defendant Craft then refused to allow plaintiff to attend the visit and placed plaintiff in her cell with the handcuffs still on, telling plaintiff she would remove the handcuffs "when she felt like it." As a result, there was swelling and there were bruises on plaintiff's wrists. (Complaint, ¶IV.C)

Two other corrections officers thereafter came to plaintiff's cell and removed the handcuffs. An investigation of the incident was conducted by the Venango County Sheriff's office and plaintiff filed a grievance. Thereafter plaintiff was retaliated against for complaining about these events: other prisoners were instructed not to speak with her and, apparently, they obeyed. (Complaint, ¶IV.C)

Plaintiff complained that defendant Snyder, the Warden of VCJ, wronged her by "agree[ing] upon the standards of [her] living situation [and] … not enforc[ing] any [consistency] in the rules [and] regulations" of VCJ. Her complaint against defendant Craft was that she "used

unnecessary force [and] created her own procedure in the prison." (Complaint, ¶IV.C.) Plaintiff requests an award of compensatory damages in the amount of $160,000.00. (Complaint, ¶VI)

### Argument

**A.   Plaintiff's claim to entitlement to a certain dollar amount of compensatory damages is in violation of W.D.PA.LR 8.1 and, therefore, should be stricken from plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(f).**

W.D. PA. LR 8.1 provides, in its entirety:

> Except in diversity cases in which a party must plead that the matter in controversy exceeds the sum of $75,000, any pleading demanding general damages unliquidated in amount shall, without claiming any specific sum, set forth only that money damages are claimed. The categories of damages so claimed may be specified and the claiming party is not precluded from seeking additional damages at a later date.

Plaintiff's amended complaint does not set forth a diversity case but, instead, alleges a cause of action within the federal question jurisdiction of this Court. Accordingly, plaintiff can comply with Rule 8.1 only by setting forth that money damages are claimed and the categories of those damages. Instead, plaintiff's Complaint asserts entitlement to compensatory damages in a certain dollar amount. That demand should be stricken from plaintiff's Complaint pursuant to W.D. PA. LR 8.1 and Fed.R.Civ.P. 12(f).

**B.   Plaintiff's claim against defendant Snyder should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because plaintiff's Complaint does not allege his personal involvement in the alleged violations of her Constitutional rights.**

A defendant in a civil rights action must have been personally involved in the alleged wrongs for liability to be imposed on him; liability may not be imposed vicariously, on the mere basis that the defendant employed or supervised a wrongdoer. A supervisor can

become sufficiently involved in a constitutional tort to justify the imposition of liability by personal direction, or by knowledge and acquiescence. **Rode v. Dellarciprete**, 845 F.2d 1195, 1207 (3d Cir. 1988)  A supervisor who is a policymaker is subject to liability if, with deliberate indifference to the consequences, he established and maintained a policy, practice or custom that directly caused the constitutional harm. **A.M. v. Luzerne County Juvenile Detention Center**, 372 F.3d 572, 587 (3d Cir. 2004).  While policymakers have no affirmative duty to train, supervise or discipline to prevent wrongful conduct, they may not with impunity affirmatively authorize, encourage or approve constitutional torts, including doing so by establishing a policy, practice or custom. **Chincello v. Fenton**, 805 F.2d 126, 133 (3d Cir.1986).  The establishment of a policy, practice and custom sufficient to impose liability can involve the training, supervision and discipline of subordinates. **Stoneking v. Bradford Area School District**, 882 F.2d 720, 724-6 (3d Cir. 1989).

      Plaintiff's Complaint contains no allegations that defendant Snyder personally participated in what appear to be the alleged use of excessive force against her in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment to the United States Constitution, the alleged violation of policies and procedures of the Venango County Jail and unequal treatment thereunder, and alleged retaliation against her for asserting her right to grieve violations of Jail policy and procedure, all in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution.  There are no averments indicating the alleged establishment by defendant Snyder of a policy, practice or custom leading to the occurrence of the alleged violations.  The Complaint merely alleges that defendant Snyder failed to ensure that the policies and procedures of the Venango County Jail were consistently

enforced. In so doing, it falls short of accusing defendant Snyder of conduct for which liability may be imposed pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983.

## Conclusion

Plaintiff's Complaint contains a demand for compensatory damages in this federal question action in a specific amount in violation of W.D.PA.LR 8.1 and, therefore, that demand should be stricken from the Complaint pursuant to Fed.R.Civ.P. 12(f). Plaintiff's Complaint also fails to allege defendant Snyder's personal involvement in the alleged violations of her Constitutional rights and, therefore, the claim against him should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

Respectfully submitted,

/s/ James T. Marnen
James T. Marnen
PA ID No. 15858
KNOX McLAUGHLIN GORNALL & SENNETT, P.C.
120 West Tenth Street
Erie, PA  16501-1461
General Tel:  814-459-2800
Direct Dial Tel: 814-459-9886, Ext. 203
Fax:  814-453-4530
Email: jmarnen@kmgslaw.com

Attorney for Defendants,
Ronald Snyder and Keoke Craft

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER ANN FEDOREK, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-186 Erie |
| RONALD SNYDER and | ) |
| KEOKE CRAFT, | ) |
| | ) |
| Defendants | ) **Jury Trial Demanded** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of March, 2006, a copy of the within document was served on all counsel of record and unrepresented parties in accordance with the applicable rules of court.

/s/ James T. Marnen
James T. Marnen

#661001