IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER ANN FEDOREK, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Civil Action No.  05-186 Erie |
| RONALD SNYDER and ) | |
| KEOKE CRAFT ) | |
| ) | |
| Defendants ) | **Jury Trial Demanded** |

## MOTION TO DISMISS

Defendants Ronald Snyder and Keoke Craft respectfully submit the following Motion to Dismiss with respect to the amended complaint filed by plaintiff on March 20, 2006.

1.  On June 15, 2006 plaintiff Jennifer Ann Fedorek filed this pro se civil rights action by filing a completed form approved by the Court in accordance with W.D.PA.LR 9.2. Service of process was achieved on defendant Keoke Craft on February 13, 2006 and on defendant Ronald Snyder on February 14, 2006.

2.  Plaintiff's original complaint asserted violations of the Eighth and Fourteenth Amendments to the United States Constitution, arising out of events that occurred on May 14, 2005 at the Venango County Prison, located in Franklin, Venango County, Pennsylvania.  At the time plaintiff apparently had not yet been sentenced by the Venango County Court of Common Pleas.

3.  Plaintiff asserted that as of May 14, 2005 she had been placed "in segregation" in the Venango County Prison and that no reason for that placement was stated to her.  On that date defendant Craft placed her in handcuffs and escorted her from "segregation" to the visitor area of

the Venango County Jail ("VCJ") to see a visitor; placing plaintiff in handcuffs to make this trip was inconsistent with the policy of VCJ.

  4. During the trip defendant Craft yelled at plaintiff, insisted she wear the handcuffs during the visit and, at various points in time, "yank[ed]" on the handcuffs, "pinched the back of [plaintiff's] arm" and "threw [plaintiff] into the receiving desk."  Defendant Craft then refused to allow plaintiff to attend the visit and placed plaintiff in her cell with the handcuffs still on, telling plaintiff she would remove the handcuffs "when she felt like it."  As a result, there was swelling and there were bruises on plaintiff's wrists.

  5. Two other corrections officers thereafter came to plaintiff's cell and removed the handcuffs.  An investigation of the incident was conducted by the Venango County Sheriff's office and plaintiff filed a grievance.  Thereafter plaintiff was retaliated against for complaining about these events:  other prisoners were instructed not to speak with her and, apparently, they obeyed.

  6. Plaintiff complained that defendant Snyder, the Warden of VCJ, wronged her by "agree[ing] upon the standards of [her] living situation [and] … not enforc[ing] any [consistency] in the rules [and] regulations" of VCJ.  Her complaint against defendant Craft was that she "used unnecessary force [and] created her own procedure in the prison."

  7. Plaintiff requested an award of compensatory damages in the amount of $160,000.00.

  8. On March 7, 2006 defendants filed a Motion to Dismiss and Strike, along with a supporting brief, asserting that plaintiffs assertion of a claim for money damages in a sum certain was in violation of W.D.PA.LR 8.1 and, therefore, it should be stricken.  Defendants contended in the same motion that the claim asserted against defendant Snyder should be dismissed because

plaintiff's complaint did not allege his personal involvement in the alleged violations of plaintiff's Constitutional rights.

9. Before the Motion to Dismiss and Strike was decided, on March 20, 2006 plaintiff filed a document entitled "Memo," with a form completed in accordance with W.D.PA.LR 9.2 attached to it. The Memo appears to be a brief in opposition to defendants' Motion to Strike and Dismiss and the attached form appears to be intended as an amended complaint, designed to address defendants' objection to the claim against defendant Snyder.

10. This amended complaint was filed without plaintiff seeking leave of court or the consent of defendants to her filing an amended complaint pursuant to Fed.R.Civ.P. 15(a). However, defendants hereby consent to plaintiff filing her amended complaint pursuant to Fed.R.Civ.P. 15(a).

11. The amended complaint seems to be intended to supplement to the original complaint, not to supplant it. There are also new allegations of fact in the Memo, which will be treated herein as part of the amended complaint. Both documents discuss to some extent all of plaintiff's allegations, but they focus on the involvement of defendant Snyder, apparently in an attempt to demonstrate his personal involvement in the alleged Constitutional violations.

12. The Memo alleges that "Warden Ronald Snyder violated the Eighth Amendment by allowing me to be housed in a holding cell. … Warden Snyder had been aware of my concern of my housing area. Without proper notification as to why I was being housed in that area to not only myself but also to the correctional officers, such an incident may not have occurred. … Warden Ronald Snyder's negligence to my being housed in this area and by not moving me elsewhere, amounts to deliberate indifference in violation of the Eighth Amendment."

13. The "Attachment" to the amended complaint asserts that "as of May 14, 2005, [she] had been housed in areas of the Venango County Prison … that were unordinary (sic) for an inmate to be housed in. [She] was not in administrative or disciplinary segregation. Through many written requests and once verbally to Warden Ronald Snyder, there was no reason given for my housing."

14. Defendants assert that (a) plaintiff's claim to entitlement to a certain dollar amount of compensatory damages is in violation of W.D.PA.LR 8.1 and, therefore, should be stricken from plaintiff's amended complant pursuant to Fed.R.Civ.P. 12(f) and (b) plaintiff's claim against defendant Snyder should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because plaintiff's amended complaint does not allege that plaintiff was a pretrial detainee who was punished, or a sentenced prisoner who received cruel and unusual punishment, and because plaintiff has not alleged a liberty interest in remaining in the general prison population.

WHEREFORE, defendants Ronald Snyder and Keoke Craft respectfully request that the Court issue an order striking from plaintiff's amended complaint her claim of entitlement to a certain dollar amount of compensatory damages and dismissing plaintiff's claim against defendant Ronald Snyder.

Respectfully submitted,

/s/ James T. Marnen
James T. Marnen
PA ID No. 15858
KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
120 West Tenth Street
Erie, PA  16501-1461
General Tel:  814-459-2800
Direct Dial Tel: 814-459-9886, Ext. 203
Fax:  814-453-4530
Email:  jmarnen@kmgslaw.com

Attorney for Defendants,
Ronald Snyder and Keoke Craft

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER ANN FEDOREK, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-186 Erie |
| RONALD SNYDER and | ) |
| KEOKE CRAFT, | ) |
| | ) |
| Defendants | ) **Jury Trial Demanded** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 4th day of April, 2006, a copy of the within document was served on all counsel of record and unrepresented parties in accordance with the applicable rules of court.

/s/ James T. Marnen
James T. Marnen

#665169