IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER ANN FEDOREK, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 05-186 Erie |
| RONALD SNYDER and ) | |
| KEOKE CRAFT ) | |
| ) | |
| Defendants ) | **Jury Trial Demanded** |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendants Ronald Snyder and Keoke Craft respectfully submit the following Brief in Support of Motion to Dismiss.

**Issues**

A. Whether plaintiff's claim to entitlement to a certain dollar amount of compensatory damages is in violation of W.D.PA.LR 8.1 and, therefore, should be stricken from plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(f).

B. Whether plaintiff's claim against defendant Snyder should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because plaintiff's amended complaint does not allege that plaintiff was a pretrial detainee who was punished, or a sentenced prisoner who received cruel and unusual punishment, or because plaintiff has not alleged a liberty interest in remaining in the general prison population.

**Facts**

**Original Complaint**

On June 15, 2006 plaintiff Jennifer Ann Fedorek filed this pro se civil rights action by filing a completed form approved by the Court in accordance with W.D.PA.LR 9.2. Service of process was achieved on defendant Keoke Craft on February 13, 2006 and on defendant Ronald Snyder on February 14, 2006.

Plaintiff's original complaint asserted violations of the Eighth and Fourteenth Amendments to the United States Constitution, arising out of events that occurred on May 14, 2005 at the Venango County Prison, located in Franklin, Venango County, Pennsylvania. (Complaint, ¶¶I, III and IV.A.-B.)  At the time plaintiff apparently had not yet been sentenced by the Venango County Court of Common Pleas.  (Complaint, ¶I)

Plaintiff asserted that as of May 14, 2005 she had been placed "in segregation" in the Venango County Prison and that no reason for that placement was stated to her.  On that date defendant Craft placed her in handcuffs and escorted her from "segregation" to the visitor area of the Venango County Jail ("VCJ") to see a visitor; placing plaintiff in handcuffs to make this trip was inconsistent with the policy of VCJ.  During the trip defendant Craft yelled at plaintiff, insisted she wear the handcuffs during the visit and, at various points in time, "yank[ed]" on the handcuffs, "pinched the back of [plaintiff's] arm" and "threw [plaintiff] into the receiving desk." Defendant Craft then refused to allow plaintiff to attend the visit and placed plaintiff in her cell with the handcuffs still on, telling plaintiff she would remove the handcuffs "when she felt like it."  As a result, there was swelling and there were bruises on plaintiff's wrists.  (Complaint, ¶IV.C)

Two other corrections officers thereafter came to plaintiff's cell and removed the handcuffs.  An investigation of the incident was conducted by the Venango County Sheriff's office and plaintiff filed a grievance.  Thereafter plaintiff was retaliated against for complaining about these events:  other prisoners were instructed not to speak with her and, apparently, they obeyed.  (Complaint, ¶IV.C)

Plaintiff complained that defendant Snyder, the Warden of VCJ, wronged her by "agree[ing] upon the standards of [her] living situation [and] … not enforc[ing] any [consistency]

2

in the rules [and] regulations" of VCJ. Her complaint against defendant Craft was that she "used unnecessary force [and] created her own procedure in the prison." (Complaint, ¶IV.C.) Plaintiff requested an award of compensatory damages in the amount of $160,000.00. (Complaint, ¶VI)

**Motion to Dismiss and Strike**

On March 7, 2006 defendants filed a Motion to Dismiss and Strike, along with a supporting brief, asserting that plaintiffs assertion of a claim for money damages in a sum certain was in violation of W.D.PA.LR 8.1 and, therefore, it should be stricken. Defendants contended in the same motion that the claim asserted against defendant Snyder should be dismissed because plaintiff's complaint did not allege his personal involvement in the alleged violations of plaintiff's Constitutional rights.

**Consent to Amendment of Complaint**

Before the Motion to Dismiss and Strike was decided, on March 20, 2006 plaintiff filed a document entitled "Memo," with a form completed in accordance with W.D.PA.LR 9.2 attached to it. The Memo appears to be a brief in opposition to defendants' Motion to Strike and Dismiss and the attached form appears to be intended as an amended complaint, designed to address defendants' objection to the claim against defendant Snyder. This amended complaint was filed without plaintiff seeking leave of court or the consent of defendants to her filing an amended complaint pursuant to Fed.R.Civ.P. 15(a). However, on April 4, 2006 defendants filed their Motion to Dismiss with respect to the amended complaint, paragraph 10 thereof containing defendant's written consent pursuant to Rule 15(a) to plaintiff filing her amended complaint.

**Amended Complaint**

The amended complaint seems to be intended to supplement to the original complaint, not to supplant it. There are also new allegations of fact in the Memo, which will be treated herein as part of the amended complaint. Both documents discuss to some extent all of plaintiff's allegations, but they focus on the involvement of defendant Snyder, apparently in an attempt to demonstrate his personal involvement in the alleged Constitutional violations.

The Memo alleges that "Warden Ronald Snyder violated the Eighth Amendment by allowing me to be housed in a holding cell. … Warden Snyder had been aware of my concern of my housing area. Without proper notification as to why I was being housed in that area to not only myself but also to the correctional officers, such an incident may not have occurred. … Warden Ronald Snyder's negligence to my being housed in this area and by not moving me elsewhere, amounts to deliberate indifference in violation of the Eighth Amendment."

The "Attachment" to the amended complaint asserts that "as of May 14, 2005, [plaintiff] had been housed in areas of the Venango County Prison … that were unordinary (sic) for an inmate to be housed in. [Plaintiff] was not in administrative or disciplinary segregation. Through many written requests and once verbally to Warden Ronald Snyder, there was no reason given for [plaintiff's] housing."

**Argument**

    A.    **Plaintiff's claim to entitlement to a certain dollar amount of compensatory damages is in violation of W.D.PA.LR 8.1 and, therefore, should be stricken from plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(f).**

W.D. PA. LR 8.1 provides, in its entirety:

> Except in diversity cases in which a party must plead that the matter in controversy exceeds the sum of $75,000, any pleading demanding general damages unliquidated in amount shall, without claiming any specific sum, set forth only that money damages are claimed. The categories of damages so claimed may be specified and the claiming party is not precluded from seeking additional damages at a later date.

Plaintiff's amended complaint does not set forth a diversity case but, instead, alleges a cause of action within the federal question jurisdiction of this Court. Accordingly, plaintiff can comply with Rule 8.1 only by setting forth that money damages are claimed and the categories of those damages. Instead, plaintiff's Complaint asserts entitlement to compensatory damages in a certain dollar amount. That demand should be stricken from plaintiff's Complaint pursuant to W.D. PA. LR 8.1 and Fed.R.Civ.P. 12(f).

      **B.**    **Plaintiff's claim against defendant Snyder should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because plaintiff's amended complaint does not allege that plaintiff was a pretrial detainee who was punished, or a sentenced prisoner who received cruel and unusual punishment, and because plaintiff has not alleged a liberty interest in remaining in the general prison population.**

A defendant in a civil rights action must have been personally involved in the alleged wrongs for liability to be imposed on him; liability may not be imposed vicariously, on the mere basis that the defendant employed or supervised a wrongdoer. A supervisor can become sufficiently involved in a constitutional tort to justify the imposition of liability by personal direction, or by knowledge and acquiescence. **Rode v. Dellarciprete**, 845 F.2d 1195, 1207 (3d Cir. 1988) The amended complaint, including the new allegations of fact in the Memo, alleges that defendant Snyder was personally aware that plaintiff was housed in a certain area of the Venango County Jail and that he acquiesced in that housing, which allegedly was accomplished "without proper notification," sufficiently alleging defendant Snyder's personal

involvement in the placement of plaintiff to avoid dismissal on the basis of a lack of personal involvement. However, plaintiff has not sufficiently alleged defendant Snyder's commission of a Constitutional violation.

Neither the original complaint nor the amended complaint clearly indicates whether at the time plaintiff was incarcerated in the Venango County Jail she was a pretrial detainee or a sentenced prisoner, although the statement in the original complaint, filed at a time when she was confined in the Venango County Jail, that the sentence plaintiff was serving was "unknown," coupled with the 27 to 84-month sentence and confinement at the State Correctional Institution at Cambridge Springs mentioned in the amended complaint when filed, seem to imply that she was a pretrial detainee at the time of the events in question. The Eighth Amendment is not available to pretrial detainees, although the Due Process Clause of the Fourteenth Amendment is; substantive due process requires that a pretrial detainee not be punished, while the Eighth Amendment provides that a sentenced inmate may be punished, but the punishment may not be "cruel and unusual." **Bell v. Wolfish**, 441 U.S. 520, 99 S.Ct. 1861, 1872, n.16 (1979).

If a condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not without more amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. The Eighth Amendment is violated only when (1) the deprivation alleged is objectively "sufficiently serious" and (2) the prison official's act must result in the denial of "the minimal civilized measure of life's necessities." **Farmer v. Brennan**, 511 U.S. 825, 114 S.Ct. 1970, 1977 (1994). Plaintiff's amended complaint contains no allegations suggesting that she was a pretrial detainee who received punishment or she was a sentenced prisoner who received cruel and unusual punishment, with the knowledge and acquiescence of defendant Snyder.

6

Plaintiff may be contending that she was not afforded appropriate procedural due procees relative to her placement in a certain area or areas of the Venango County Jail, given her allegation in the Memo that she was placed "[w]ithout proper notification."  However, the Due Process Clause of the Fourteenth Amendment does not create a liberty interest in a prisoner remaining in the general prison population.  **Hewitt v. Helms**, 459 U.S. 460, 103 S.Ct. 864, 870 (1983).  Nonetheless, when a state adopts certain mandatory procedures relative to specified substantive predicates, it creates a protected liberty interest in remaining in the general prison population.  **Id.**, 103 S.Ct. at 871.  Here, the Commonwealth of Pennsylvania, Department of Corrections, has by regulation established certain "minimum requirements" regarding the classification of prisoners in county jails but, it is respectfully submitted, those requirements do not mandate the use of specific procedures regarding specific substantive predicates, such that a protected liberty interest has been created.

      37 Pa. Code §95.225 provides:

> The following minimum requirements apply to classification:
> (1) An inmate classification plan shall be documented in written local policy.
> (2) This plan shall establish classification based on the degree of security risk and need for supervision.  The classification plan shall specify the following:
> (i) How the classification process is accomplished.
> (ii) What process of appeals exist.
> (iii) The review mechanism utilized.
> (iv) Explicit procedures for reclassification.

This regulation is not comparable to the specific mandatory requirements addressed in **Hewitt**.  Instead, it is generally comparable to its predecessors, found by decisions in the Western and Eastern Districts of Pennsylvania not to create a protected liberty interest:  **Marshall v. Kozakiewicz**, 601 F.Supp. 1549 (W.D.Pa. 1985) and **Tyler v. Rapone**, 603 F.Supp. 268 (E.D.Pa. 1985).  The current Section 95.225 mandates the creation of a written inmate

classification plan, the general factors that are to be taken into account and the inclusion of a description of the procedural aspects of the plan in the plan document, but it does not require specific procedures or specify substantive predicates, instead leaving it to the county jails to determine the procedural and substantive details.  Accordingly, the regulation does not create a protected liberty interest in remaining in the general prisoner population, enforceable in federal court in an action brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983.

## Conclusion

Plaintiff's amended complaint contains a demand for compensatory damages in this federal question action in a specific amount in violation of W.D.PA.LR 8.1 and, therefore, that demand should be stricken from the Complaint pursuant to Fed.R.Civ.P. 12(f).  Plaintiff's claim against defendant Ronald Snyder should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because it fails to allege that plaintiff was a pretrial detainee who was punished, or a sentenced prisoner who received cruel and unusual punishment, and because plaintiff has not alleged a liberty interest in remaining in the general prison population.

        Respectfully submitted,


        /s/ James T. Marnen
        James T. Marnen
        PA ID No. 15858
        KNOX McLAUGHLIN GORNALL &
        SENNETT, P.C.
        120 West Tenth Street
        Erie, PA  16501-1461
        General Tel:  814-459-2800
        Direct Dial Tel: 814-459-9886, Ext. 203
        Fax:  814-453-4530
        Email:  jmarnen@kmgslaw.com

        Attorney for Defendants,
        Ronald Snyder and Keoke Craft

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER ANN FEDOREK, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-186 Erie |
| RONALD SNYDER and | ) |
| KEOKE CRAFT, | ) |
| | ) |
| Defendants | ) **Jury Trial Demanded** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 4th day of April, 2006, a copy of the within document was served on all counsel of record and unrepresented parties in accordance with the applicable rules of court.

    /s/ James T. Marnen  
    James T. Marnen

#665030