IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER ANN FEDOREK,  )  <br>         Plaintiff,   )  <br>     v.         )   C.A. No. 05-186 Erie <br>            )  <br>            )   District Judge McLaughlin <br> WARDEN RONALD SNYDER, et al.,  )   Magistrate Judge Baxter <br>         Defendants.   ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss and strike [Document # 18] and motion to dismiss [Document # 23] be granted, as follows: (i) Defendant Snyder should be dismissed from this action; and (ii) Plaintiff's request for monetary damages in the specified amount of $ 160,000.00 should be stricken. Nonetheless, Plaintiff's claims against Defendant Craft remain viable and should be allowed to proceed.

**II.    REPORT**

   **A.     Relevant Procedural History**

On June 15, 2005, Plaintiff Jennifer Ann Fedorek, a former pretrial detainee at the Venango County Prison and an inmate currently incarcerated at the State Correctional Institution at Cambridge Springs, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are: Ronald Snyder, Warden of the Venango County Prison; and Keoke Craft, Corrections Officer at the Venango County Prison. In her complaint, Plaintiff alleges that Defendant Craft "used unnecessary force and created her own procedure in prison" and Defendant Snyder "agreed upon the standards of my living situation and did not enforce any consistancy [sic] in the rules and regulations," in violation of her constitutional rights. (Complaint at Section IV.C). As relief, Plaintiff seeks compensatory damages in the amount of $ 160,000.00.

On March 7, 2006, Defendants filed a motion to dismiss and strike [Document # 18], contending that (i) Defendant Snyder should be dismissed from this action because Plaintiff has failed to allege his personal involvement in the alleged constitutional violations, and (ii) Plaintiff's claim for a specific amount of compensatory damages should be stricken.[1] Plaintiff subsequently filed a document entitled "Memo," which was docketed as a response to Defendants' motion; however, attached to the "Memo" is a document that appears to be an amended complaint, which was never docketed as such. [Document # 22].  Nevertheless, Defendants construed the attachment as an amended complaint and filed a second motion to dismiss responding to the additional allegations contained in Plaintiff's "Memo." [Document # 23].[2]  Plaintiff has filed a brief in opposition to Defendants' second motion to dismiss and the issues are presently ripe for disposition by this Court.

### B.    Relevant Factual History

In May 2005, Plaintiff was being held as a pretrial detainee in the Venango County Prison, where she alleges she was placed in segregation without explanation.  On May 14, 2005, Plaintiff alleges that Defendant Craft placed her in handcuffs and escorted her from "segregation" to the prison's visitation area to see a visitor.  Plaintiff claims that she had never been required to wear handcuffs during an escort to the visitation area and, as a result, an argument ensued between her and Defendant Craft.  Plaintiff alleges that, during the escort, Defendant Craft yelled at her, insisted that she continue to wear handcuffs during the visit, and, at various times, "yank[ed]" on the handcuffs, "pinched the back of [her] arm," and "threw [her]

---

[1] Even though Defendants' motion to dismiss is purportedly filed on behalf of both Defendants, the only claims sought to be dismissed are those brought against Defendant Snyder.  As a result, Defendants' motion is more properly characterized as a partial motion to dismiss.  That being the case, Defendant Craft is still required to file a response to Plaintiff's complaint, which she has failed to do as of the date of this Report and Recommendation.

[2] Since the second motion to dismiss essentially raises the same arguments set forth in Defendants' original motion to dismiss, the two documents will hereinafter be referred to collectively as Defendants' motion to dismiss.

into the receiving desk." (Complaint at Section IV.C). Defendant Craft then refused to allow Plaintiff to attend the visit and placed her back in segregation without removing the handcuffs. As a result of Defendant Craft's actions, Plaintiff claims she suffered "swelling and bruises on [her] wrists." (Id.).

### C. Standards of Review

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiffs are *pro se* litigants, this Court will consider facts and make inferences where it is appropriate.

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the

allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### D. Discussion
#### 1. *Respondeat Superior*

Defendant Snyder argues that he should be dismissed from this case because Plaintiff has failed to allege his personal involvement and therefore has failed to state a claim against him.

Although Plaintiff's complaint fails to make any specific allegations against Defendant Snyder, Plaintiff's "Memo" contains the following allegations against him:

> Warden Ronald Snyder violated the Eighth Amendment by allowing me to be housed in a holding cell.
>
>          \*         \*         \*
>
> ... Warden Ronald Snyder had been aware of my concern of [sic] my housing area. Without proper notification as to why I was being housed in that area to not only myself but also to the correctional officers, such an incident may not have occurred.
>
> Warden Ronald Snyder's negligence to my being housed in this area and by not moving me elsewhere, amounts to deliberate indifference in violation of the Eighth Amendment....

(Document # 22 at p. 1).

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097,

4

1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

Plaintiff has not made any allegations or statements alleging that Defendant Snyder was present, or was in any way personally involved in, the alleged use of excessive force by Defendant Craft. As a result, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Snyder arising from the alleged actions of Defendant Craft.

### 2.    Holding Cell Allegations

With regard to Plaintiff's Eighth Amendment claim against Defendant Snyder regarding her housing status, Plaintiff must show that she "has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994) An objectively, sufficiently serious injury is one that denies an inmate "the minimal civilized measure of life's necessities," such as food, water, shelter. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 419 (3d Cir. 2000). Furthermore, to establish deliberate indifference: 1) a prison official must know of and disregard an excessive risk to inmate health or safety; 2) the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and 3) the official must also draw the inference. Farmer, 511 U.S. at 837.

Under the foregoing standards, Plaintiff's claims do not rise to the level of an Eighth

Amendment violation.  Even accepting as true Plaintiff's allegations that she was "housed in a holding cell... without proper notification," placement in a holding cell, alone, is insufficient to constitute cruel and unusual punishment.  See Gibson v. Lynch, 652 F.2d 348, 352 (3d Cir. 1981), cert. denied, 462 U.S. 1137 (1983)("administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment").

Alternatively, to the extent Plaintiff's claim may be construed as a due process claim under the Fourteenth Amendment, it still must fail.  In Sandin v. Conner, 515 U.S. 472, 484 (1995), the Supreme Court noted that "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." 515 U.S. at 486; See also Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997)(placement of a prisoner in administrative custody for a period of 15 months did not impose atypical and significant hardship on prisoner and, thus, did not deprive due process rights).  Accordingly, because the Plaintiff had no liberty interest to protect, her placement in a holding cell and/or in segregation, did not violate her procedural due process rights.

### 3. Monetary Demand

Plaintiffs' demand for certain specific dollar amounts for damages violates Local Rule of Civil Procedure 8.1 and should be stricken from the complaint.  As a result, Defendants' motion should be granted in this regard.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss and strike [Document # 18] and motion to dismiss [Document # 23] be granted, as follows: (i) Defendant Snyder should be dismissed from this action; and (ii) Plaintiff's request for monetary damages in the specified amount of $ 160,000.00 should be stricken.  Nonetheless, Plaintiff's claims against Defendant Craft remain viable and should be allowed to proceed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written

objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief United States Magistrate Judge

Dated: October 27, 2006