IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER ANN FEDOREK, | ) |
| Plaintiff | ) ) ) |
| vs. | ) ) ) Civil Action No. 05-186 Erie |
| RONALD SNYDER and KEOKE CRAFT | ) ) |
| Defendants | ) **Jury Trial Demanded** |

**MOTION FOR SUMMARY JUDGMENT**

Defendant Keokee Craft respectfully submits the following Motion for Summary Judgment.

1. On June 15, 2006 plaintiff Jennifer Ann Fedorek filed this pro se civil rights action by filing a completed form approved by the Court in accordance with W.D.PA.LR 9.2. Service of process was achieved on defendant Keokee Craft on February 13, 2006 and on defendant Ronald Snyder on February 14, 2006.

2. Plaintiff's original complaint asserted violations of the Eighth and Fourteenth Amendments to the United States Constitution, arising out of events that occurred on May 14, 2005 at the Venango County Prison, located in Franklin, Venango County, Pennsylvania (Appendix, p. 228, ¶¶I, III and IV.A.-B.) At the time plaintiff apparently had not yet been sentenced by the Venango County Court of Common Pleas. (Appendix, p. 227, ¶I)

3. On March 7, 2006 defendants filed a Motion to Dismiss and Strike, along with a supporting brief, asserting that plaintiff's assertion of a claim of money damages in a sum certain was in violation of W.D.PA.LR 8.1 and, therefore, it should be stricken. Defendants contended in the same motion that the claim asserted against defendant Snyder should be

dismissed because plaintiff's complaint did not allege his personal involvement in the alleged violations of plaintiff's Constitutional rights.

4. On October 27, 2006 Chief United States Magistrate Judge Susan Paradise Baxter filed a report and recommendation, recommending that the court grant the defendant's motion to dismiss and strike finding that plaintiff had not made any allegations or statements that defendant Snyder was in any way personally involved in the alleged use of excessive force by defendant Craft. In addition, Judge Baxter found that plaintiff's allegations against defendant Snyder did not constitute violations of her Eighth and Fourteenth Amendment rights.

5. On November 21, 2006 United States District Judge Sean J. McLaughlin approved Judge Baxter's report and recommendation over the objection to that report by the plaintiff, which effectively dismissed defendant Snyder from this action and preserved the action as against defendant Craft.

6. Plaintiff asserts that as of May 14, 2005 she had been placed "in segregation" in the Venango County Prison and that no reason for that placement was stated to her. On that date defendant Craft placed her in handcuffs and escorted her from "segregation" to the visitor area of the Venango County Prison ("VCP") to see a visitor; placing plaintiff in handcuffs to make this trip was inconsistent with the policy of VCP.

7. During the trip defendant Craft yelled at plaintiff, insisted she wear the handcuffs during the visit and, at various points in time, "yank[ed]" on the handcuffs, "pinched the back of [plaintiff's] arm" and "threw [plaintiff] into the receiving desk." Defendant Craft then refused to allow plaintiff to attend the visit and placed plaintiff in her cell with the handcuffs still on, telling plaintiff she would remove the handcuffs "when she felt like it." As a

result, there was swelling and there were bruises on plaintiff's wrists. (Appendix, pp. 228-229, ¶IV.C)

8. Two other corrections officers thereafter came to plaintiff's cell and removed the handcuffs. An investigation into the incident was conducted by the Venango County Sheriff's office and plaintiff filed an inmate grievance. Thereafter plaintiff was retaliated against for complaining about these events: other prisoners were instructed not to speak with her and, apparently, they obeyed. (Appendix, pp. 228-229, ¶IV.C) Plaintiff's allegations against defendant Craft stated that she "used unnecessary force [and] created her own procedure in the prison." (Appendix, pp. 228-229, ¶IV.C)

9. Plaintiff contends that she was unaware that she had the ability to appeal the decision of the Venango County Prison with respect to her grievance. Furthermore, she contends that she was unaware that there was a grievance procedure because she neither had a VCP Inmate Handbook nor did anyone instruct her on the grievance procedure.

10. Upon entry into VCP each inmate is given various documents which they are instructed to read. Among those documents is the VCP Inmate Handbook. The handbook is presented in a tote, which contains, among other things, bed linens, a care kit, and other personal items. The tote is stored in an inmate's holding cell. (Appendix, p. 140, ¶6)

11. Inmates are instructed to read and become familiar with VCP policies and procedures. The following language is contained on page 3 of the Inmate Handbook:

> "The purpose of this handbook is to provide you with the general rules and regulations that you are expected to follow while in the Venango County Prison (VCP). It is your responsibility to learn and abide by all rules and regulations of the Prison." (Appendix, p. 140, ¶7)

12. Additional copies of the Inmate Handbook can be found in the booking area and television room, these are common areas of the prison. (Appendix, p. 140, ¶8) If an inmate fails to read the Inmate Handbook or loses their copy, a "staff member will instruct on the basic requirements for completing the form if the inmate so requests." (Appendix, p. 140, ¶9; Appendix, p. 161)

13. Every Inmate Grievance Response that is returned to the inmate has three boxes marked "Step One", "Step Two", and "Step Three". These boxes indicate which step of the grievance process the inmate and the VCP are currently addressing. In addition, this form contains the following language:

> "If you are not satisfied with the action taken at Steps One or Two, you may appeal this decision. Step Three is with the Warden and his decision is final." (Appendix, p. 141, ¶12; p. 226)

14. The failure to exhaust administrative remedies under the PLRA is an affirmative defense. Whether a prisoner has "properly" exhausted a claim is determined by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials.

15. The availability of administrative remedies to a prisoner is a question of law. "Even where the 'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available. Once that is no longer the case, then there are 'no remedies…available' and the prisoner need not further pursue the grievance."

16. The determination of when an administrative remedy is still "available" depends on whether or not the inmate produces sufficient evidence of unavailability and whether or not the defense can satisfy its burden to disprove the contention of unavailability. The main inquiry for determining availability is the following: "would 'a similarly situated individual of

4

ordinary firmness' have deemed them available." The PLRA says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him.

17. It was clear from the Inmate Grievance Response that the plaintiff could have initiated steps two and three of the grievance procedure. This was indicated by the clearly delineated boxes at the top of the form and the language at the bottom of the section entitled "Action Taken". Clearly, plaintiff was required to exhaust these steps before she filed her §1983 claims in the present action. Therefore, under the PLRA, plaintiff has failed to exhaust her administrative remedies prior to bringing her civil rights action; thus, plaintiff has presented no genuine issue of material fact and summary judgment should be entered in favor of defendant Craft.

18. Even if it is believed that the plaintiff did not receive such a manual upon her latest stay at VCP, she could have picked up a community copy in the booking area or television viewing room. Also, there are clear indications on the Inmate Grievance Response that there were further steps she could have pursued and that she had a right to appeal Deputy Warden Sabousky's decision.

19. The plaintiff's bald assertions that she didn't know these grievance procedures were in place are merely subjective beliefs with nothing substantial to support them. It is objectively clear that a similar inmate in a similar situation would have deemed the administrative remedies "available" for purposes of satisfying the exhaustion requirement of the PLRA. Therefore, summary judgment should be entered in favor of defendant Craft.

WHEREFORE, defendant Keokee Craft respectfully requests that the Court enter an order pursuant to Fed.R.Civ.P. 56(c) and (d) determining that plaintiff's claims under the

Eighth and Fourteenth Amendments to the United States Constitution may not proceed to trial and entering summary judgment for defendant Craft and against plaintiff.

Respectfully submitted,

/s/ Daniel P. Marnen
James T. Marnen
PA I.D. No. 15858
Daniel P. Marnen
PA I.D. No. 204806
MARNEN MIODUSZEWSKI
BORDONARO WAGNER & SINNOTT, LLC
516 West Tenth Street
Erie, PA 16502-1352
(814) 874-3460 Voice
(814) 874-3476 Fax
(814) 460-6979 Mobile
jmarnen@mmbwslaw.com
dmarnen@mmbwslaw.com

Attorneys for Defendant,
Keokee Craft

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER ANN FEDOREK, | ) |
| Plaintiff | ) ) ) ) |
| vs. | ) ) Civil Action No. 05-186 Erie |
| RONALD SNYDER and KEOKE CRAFT | ) ) |
| Defendants | ) ) ) |

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will not send notification of such filing to the other party in this action, pro se plaintiff Jennifer Ann Fedorek, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: pro se plaintiff Jennifer Ann Fedorek.

/s/ *Daniel P. Marnen*
Daniel P. Marnen